IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| DESIREE PATTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:17-06101-CV-RK |
| | ) |
| PRIMEFLIGHT AVIATION SERVICES, | ) |
| INC., VINCE EASON, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Desiree Patton's Motion to Remand.[1] (Doc. 15.) Defendants have filed suggestions in opposition arguing removal is proper based on fraudulent joinder. (Doc. 25.) Plaintiff did not file a reply. For the reasons below, Plaintiff's motion is **GRANTED in part** as to Plaintiff's request for remand and **DENIED in part** as to Plaintiff's request for attorney's fees and costs.

### I. Background

On July 10, 2017, Plaintiff originally filed this action in the Circuit Court of Platte County, Missouri, and then on August 16, 2017, Defendant PrimeFlight Aviation Services, Inc. ("PrimeFlight") removed the action to this Court on the grounds of diversity jurisdiction. (Doc. 1.) Plaintiff brings this employment practices case, alleging her employer Defendant PrimeFlight and Defendant Vince Eason, "an agent and employer with" PrimeFlight, violated the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010 et seq. (Doc. 1-2 at ¶¶ 3, 6.)

Prior to filing this action, on or about February 22, 2016, Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"), claiming discrimination based on race, retaliation, sex, and hostile work environment. (Doc. 1-2 at ¶ 8.) "On or about April 12, 2017, the MCHR mailed to Plaintiff her Notice of Right to Sue[.]" (Doc. 1-2 at ¶ 9.)

---

[1] Upon removal of this action based on diversity, the Court issued a show cause order directing for briefing on the fraudulent joinder issue. (Doc. 11.) Plaintiff then simultaneously filed her Response to the Court's Show Cause Order (doc. 14) and her Motion to Remand (docs. 15 and 16). Plaintiff's filings (docs. 14-16) have the same content.

Plaintiff's petition consists of two counts: a claim of discrimination on the basis of race, sex, and hostile work environment (Count I), and a claim of retaliation (Count II). Specific to Eason, Plaintiff claims "Eason constituted an 'employer' within the meaning of the MHRA" and Eason "participated in the discrimination and retaliation . . . and/or ratified and condoned the misbehavior by failing to take remedial actions." (Doc. 1-2 at ¶¶ 3, 6.) Plaintiff's remaining allegations in support of her claims refer to Defendants' mistreatment of Plaintiff in the conjunctive. Plaintiff seeks actual and punitive damages.

On the face of the pleadings, this Court lacks subject-matter jurisdiction over this case because Eason is a citizen of the forum state, Missouri. Otherwise, there would be complete diversity as between Plaintiff, who is a citizen of Missouri, and PrimeFlight, who is a citizen of Ohio and Tennessee. Plaintiff requests this Court enter an order remanding the case to state court in Platte County. However, PrimeFlight argues there is diversity jurisdiction because Eason was fraudulently joined and his citizenship must be ignored for purposes of diversity jurisdiction. The issue before the Court is whether Eason was fraudulently joined so that his citizenship is ignored for purposes of diversity jurisdiction.[2]

## II. Analysis

### A. Legal Standard

Generally speaking, 28 U.S.C. § 1441(a) governs removal and provides that "[a]ny civil action brought in a State court . . . may be removed by the defendant" if the federal court has original jurisdiction over the case. "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 [federal question jurisdiction] and 1332 [diversity jurisdiction]." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To invoke the district court's diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Removability based on diversity jurisdiction is subject to an exception known as the "forum-defendant rule" which is codified in 28 U.S.C. § 1441(b)(2). The forum-defendant rule limits federal jurisdiction based on diversity "by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought." *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981). If, however, a court determines a forum defendant has been fraudulently joined, that party's citizenship is disregarded and the action may be removed. *See Wilson v. Republic Iron &*

---

[2] Neither the parties' citizenship nor the absence of federal-question jurisdiction is disputed.

*Steel Co.*, 257 U.S. 92, 97 (1921) (fraudulent joinder of a resident defendant cannot defeat diversity jurisdiction).

"[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (quoting *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). The Eighth Circuit in *Filla* distinguished this standard as follows:

> Unlike most diversity cases (where a federal court is required to ascertain and apply state law no matter how onerous the task), here, the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor.

*Id.* at 811 (citation omitted). However, when deciding a fraudulent-joinder claim, the district court need not "*definitively* settle the ambiguous question of state law." *Id.* "[T]o establish fraudulent joinder, the defendant must 'do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion' since '[the court] do[es] not focus on the artfulness of the plaintiff's pleadings.'" *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (citing *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011)). The Court must "determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Id.* Therefore, in absence of federal question jurisdiction, if the district court concludes a resident defendant was not fraudulently joined, then subject-matter jurisdiction is nonexistent pursuant to the forum-defendant rule and the court must remand the case to the state court from which it was removed. 28 U.S.C. §§ 1447(b), 1447(c); *see Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (holding that a violation of the forum-defendant rule is a jurisdictional defect).

Removal based on fraudulent joinder grants the district court only temporary jurisdiction to determine whether the non-diverse defendant was fraudulently joined. *Wivell v. Wells Fargo Bank, N.A.*, 756 F.3d 609, 616 (8th Cir. 2014). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, [and] all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Coop v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citations omitted).

B.     Discussion

Defendants argue Eason is fraudulently joined because: (1) Plaintiff failed to exhaust her administrative remedies against Eason because Plaintiff did not name Eason in her original charge, and (2) Plaintiff's petition is insufficient to plead a colorable claim against Eason. Upon review of the pleadings, the parties' briefs, and applicable law, Defendants have not met their burden to demonstrate Eason was fraudulently joined.

Pertinent to Defendants' first argument, under Missouri law, there are exceptions to the MHRA's administrative exhaustion requirement that an individual be named in the original charge before filing a lawsuit. As a general principle, before filing a civil lawsuit under the MHRA, a plaintiff must first "exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." *Mohamed Alhalabi v. Mo. Dep't of Nat. Res.*, 300 S.W.3d 518, 524 (Mo. Ct. App. 2009) (citation omitted). "The doctrine of exhaustion of remedies is a jurisdictional requirement." *Id.*; Mo. Rev. Stat. § 213.075.1. In particular, a claimant must file a MHRA charge of discrimination naming the individuals (or entities) alleged to have committed the unlawful discriminatory acts and describing the particulars of those acts. *See* Mo. Rev. Stat. § 213.075.1; *State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82, 89 (Mo. 2003). However, the Missouri Supreme Court "takes a liberal approach to the fulfillment of procedural requirements under the MHRA." *Mohamed Alhalabi*, 300 S.W.3d at 525 (citing *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 670 (Mo. 2009) (en banc)).

Consistent with its liberal approach to the MHRA's procedural requirements, the Missouri Supreme Court has established circumstances when failure by a plaintiff to name an individual in the original charge is not a bar to a lawsuit against that individual where there is a "substantial identity of interest" between the parties later sued. *Hill*, 277 S.W.3d at 669-70. In *Hill*, the Missouri Supreme Court adopted a four-factor test when deciding whether to allow a plaintiff to pursue a civil action against such an individual despite the plaintiff's failure to name the individual in the charge of discrimination. *Id.* at 669-670. Relevant here, the MHRA permits claims against both the employer entity and "any person acting directly in the interest of the employer[,]" which includes a supervisory employee. *Hill*, 277 S.W.3d at 669; *see* Mo. Rev. Stat. § 213.010.7 (defining "employer").

In the instant case, it is undisputed Plaintiff failed to name Eason as a respondent in her administrative charge. However, the Missouri Supreme Court has described circumstances in

which Plaintiff may be permitted to sue Eason even without naming him in the charge. District courts in this circuit do not uniformly resolve this fraudulent joinder argument in similar factual scenarios and specifically, whether to apply the *Hill* factors or remand the case to the state court to apply the *Hill* factors. The majority of courts have taken the approach to decline at the outset to apply the *Hill* factors based on the Eighth Circuit's opinion in *Filla*, whereas some courts proceed to apply the *Hill* factors. *Compare Prosser v. Maxion Wheels*, Case No. 2:15-cv-04179-MDH (W.D. Mo. Dec. 21, 2015); *Merritt v. FirstLine Transp. Sec., Inc.*, Case No. 5:14-cv-06027-BP (W.D. Mo. July 11, 2014); *Parker v. Pinnacle Entertainment, Inc.*, Case No. 4:14-cv-791-RWS (E.D. Mo. Aug. 5, 2014); *Jones v. Valspar Corp.*, Case No. 4:11-cv-00379-NKL (W.D. Mo. Aug. 3, 2011); *Sinderson v. Bayer CropScience, LP*, Case No. 09-cv-0693-FJG (W.D. Mo. Dec. 10, 2009); *with Stoker v. Lafarge N. Am., Inc.*, Case No. 4:12-cv-0504-DGK (W.D. Mo. Feb. 5, 2013); *Warren v. Dr. Pepper/Seven Up Mfg. Co.*, Case No. 4:13-cv-00526-ERW (E.D. Mo. Aug. 23, 2013); and *Barada v. Midwest Division—RMC, LLC*, Case No. 4:15-cv-00490-GAF (W.D. Mo. Oct. 1, 2015).

This Court, as guided by the Eighth Circuit in *Filla*,[3] agrees with the majority approach. Because Missouri law may allow Plaintiff to sue Eason despite Plaintiff's failure to name Eason in her charge, Plaintiff has pled a reasonable basis for predicting that Missouri law might impose liability against Eason under the MHRA.[4]

Turning to Defendants' second argument, Defendants cannot meet their burden by arguing Plaintiff failed to sufficiently plead the state claim because the question is whether there is a "colorable claim" or whether Plaintiff "might" have a claim under state law. This inquiry does not focus on the "artfulness" of the pleading. *See Block*, 665 F.3d at 948; *see also Shores v. Loffredo Gardens, Inc.*, Case No. 4:17-cv-00732-BP (W.D. Mo. Oct. 30, 2017) (Doc. 21 at p. 5.). Here, although Plaintiff's petition was not as artful as it might have been, it alleges sufficient

---

[3] Despite the footnote in an Eighth Circuit opinion indicating the *Filla* opinion has "no precedential force because we lacked jurisdiction to review the merits of the remand order" at issue, *Simpson v. Thomure*, 484 F.3d 1081, 1084 n.2 (8th Cir. 2007), this Court is bound by the *Filla* standard due to its later adoption in subsequent Eighth Circuit opinions. *See Thompson v. R. J. Reynolds Tobacco Co.*, 760 F.3d 913, 915-917 (8th Cir. 2014); *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014); *Junk v. Terminix Int'l Co., Ltd. P'ship.*, 628 F.3d 439, 445-447 (8th Cir. 2010).

[4] Based on the *Hill* case, Defendants' argument that Plaintiff failed to exhaust her administrative remedies for failing to join Eason in the administrative process is unavailing. *See Hill*, 277 S.W.3d at 670 (holding an exception to the exhaustion requirement exists where the supervisory employee was neither named in the original charge nor joined in the administrative process).

facts to make a colorable claim against Eason under Missouri law. Because there is a reasonable basis under the *Hill* case for predicting that liability might be imposed upon Eason, "the ultimate success-or failure-of [Plaintiff's] claims is best left to the Missouri courts." *Filla*, 336 F.3d at 811. ("[w]here the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" (citation omitted)). Consequently, Eason is not fraudulently joined, his presence deprives the Court of jurisdiction, and the case must be remanded.

The Court next considers Plaintiff's request for an award of attorney's fees and costs under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Although the Court remands this action, the Court finds PrimeFlight had an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[C]ourts may award attorneys' fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."). Therefore, the Court denies Plaintiff's request for attorney's fees and costs.

### III. Conclusion

Based on the above, Plaintiff Desiree Patton's Motion to Remand (doc. 15) is **GRANTED in part** as to Plaintiff's request for remand and **DENIED in part** as to Plaintiff's request for attorney's fees and costs. This case is **REMANDED** to the Circuit Court of Platte County, Missouri, based upon lack of subject-matter jurisdiction. All other pending motions are **DENIED as moot**.

SO ORDERED.

                                                s/ Roseann A. Ketchmark
                                                ROSEANN A. KETCHMARK, JUDGE
                                                UNITED STATES DISTRICT COURT

DATED: December 15, 2017